```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------- X
KRISHNA MANSINGH,                                          :   Case No.: 15-cv-2756
on behalf of himself and all others similarly situated,    :
                                                           :   **CLASS AND COLLECTIVE
                                         Plaintiff,        :   ACTION COMPLAINT**
                - against -                                :
                                                           :
MACY'S, INC., JOSEPH ELETTO TRANSFER, INC., and            :
I. WILLIAMS ASSOCIATES, INC.,                              :
                                                           :
                                         Defendants.       :
--------------------------------------------------------------------------- X
```

Plaintiff Krishna Mansingh, on behalf of himself and all others similarly situated, by and through his attorneys Shulman Kessler LLP, Lichten & Liss-Riordan, P.C., and the Law Offices of James W. Simpson, Jr. P.C., complaining of the Defendants Macy's, Inc. ("Macy's"), Joseph Eletto Transfer, Inc. ("Eletto"), and I. Williams Associates, Inc. ("IWA") alleges as follows:

## INTRODUCTION

1. This lawsuit seeks unpaid wages for Plaintiff and similarly situated drivers who have worked for Defendants Macy's, Eletto, and IWA (collectively "Defendants") as delivery drivers, in violation of Massachusetts General Law ("M.G.L."), Massachusetts common law, or in the alternative, and assuming but not conceding same, in violation of the New York Labor Law ("N.Y. Lab. Law" or "NYLL").

2. Macy's sells home furnishing goods to customers.

3. Defendants employ Plaintiff and similarly situated drivers to deliver the Macy's merchandise to residential homes.

4. Plaintiff and similarly situated drivers work full-time, five to seven days per week as delivery drivers exclusively for Defendants in Massachusetts.

1

5. Although Defendants purported to classify Plaintiff and the other similarly situated drivers as independent contractors rather than as employees pursuant to an Independent Contractor Agreement ("ICA"), Plaintiff and other similarly situated drivers were Defendants' employees under Massachusetts law or in the alternative, and assuming but not conceding same, in violation of NYLL.

6. Defendants did not pay Plaintiff and other similarly situated drivers proper wages as a result of the improper deductions from their wages, in violation of the Massachusetts law.

7. In the alternative, and assuming but not conceding same, if the Court were to apply the New York choice of law provision contained in the ICA, Plaintiff alleges that he and similarly situated drivers were employees pursuant to NYLL, and that Defendants made improper deductions pursuant to N.Y. Lab. Law § 193 and N.Y. Lab. Law § 198-b.

8. Plaintiff brings this action on behalf of himself and on behalf of a class of similarly situated persons who have worked as delivery drivers in Massachusetts for statutory and common law violations.

## PARTIES

*Plaintiff*

9. Plaintiff Krishna Mansingh is an adult resident of Brockton, County of Plymouth, Commonwealth of Massachusetts.

10. Krishna Mansingh worked for Defendants as a driver.

11. At all times relevant, Krishna Mansingh was an "employee" within the meaning of M.G.L. c. 149, § 148B, or alternatively, but not conceding same, pursuant to N.Y. Lab. Law §§ 190(2) and 862-b.

*Defendants*

12. Macy's is a corporation organized under the laws of the State of Delaware, with a principal office located in Cincinnati, Ohio.

13. Macy's does business in the Commonwealth of Massachusetts.

14. Macy's operates department stores throughout the nation under the "Macy's" and "Bloomingdale's" names.

15. Upon information and belief, Macy's maintains control, oversight, and direction over its operations and employment practices.

16. At all times hereinafter mentioned, Macy's was and still is an "employer" within the meaning of M.G.L. c. 149, or alternatively, but not conceding same, pursuant to N.Y. Lab. Law § 190(3).

17. At all relevant times, Macy's maintained control, oversight, and direction over Plaintiff and similarly situated drivers, including timekeeping, payroll and other employment practices that applied to them.

18. Macy's applied the same employment policies, practices, and procedures to all drivers throughout Massachusetts, including policies, practices, and procedures with respect to unlawful wage deductions.

19. Eletto is a corporation organized under the laws of the State of New York with a principal office located in Hicksville, New York.

20. Eletto does business in the Commonwealth of Massachusetts.

21. Upon information and belief, Eletto maintains control, oversight, and direction over its operations and employment practices.

22. At all times hereinafter mentioned, Eletto was and still is an "employer" within the meaning of M.G.L. c. 149, or alternatively, but not conceding same, pursuant to N.Y. Lab. Law § 190(3).

23. At all relevant times, Eletto maintained control, oversight, and direction over Plaintiff and similarly situated drivers, including timekeeping, payroll and other employment practices that applied to them.

24. Eletto applied the same employment policies, practices, and procedures to all drivers throughout Massachusetts, including policies, practices, and procedures with respect to unlawful wage deductions.

25. IWA is a corporation organized under the laws of the State of New York with a principal office located in Hicksville, New York.

26. IWA does business in the Commonwealth of Massachusetts.

27. Upon information and belief, IWA maintains control, oversight, and direction over its operations and employment practices.

28. At all times hereinafter mentioned, IWA was and still is an "employer" within the meaning of M.G.L. c. 149, or alternatively, but not conceding same, pursuant to N.Y. Lab. Law § 190(3).

29. At all relevant times, IWA maintained control, oversight, and direction over Plaintiff and similarly situated drivers, including timekeeping, payroll and other employment practices that applied to them.

30. IWA applied the same employment policies, practices, and procedures to all drivers throughout Massachusetts, including policies, practices, and procedures with respect to unlawful wage deductions.

31. Defendants Macy's, Eletto, and IWA constitute a unified operation.

32. Defendants Macy's, Eletto, and IWA constitute a common enterprise.

33. Defendants Macy's, Eletto, and IWA have interrelated operations.

34. Defendants Macy's, Eletto, and IWA have common management.

35. Defendants Macy's, Eletto, and IWA have a centralized control of labor relations.

36. Defendants Eletto and IWA have common ownership.

37. Defendants Eletto and IWA hire employees who are supervised by Defendant Macy's.

38. Defendants Macy's and Eletto direct the day to day work of the drivers who are hired by Defendants Eletto and IWA.

39. Defendants Macy's, Eletto, and IWA share employees.

40. Defendants Macy's, Eletto, and IWA share the same physical addresses in Massachusetts.

41. Defendants Eletto and IWA share the same physical address in Hicksville, New York.

42. Defendants Macy's, Eletto, and IWA constitute a joint employer.

43. Eletto provides residential delivery services for merchants in the home furnishings industries, including Defendant Macy's.

44. In order to provide delivery services, Eletto enters into ICA's with individuals such as the Plaintiff and similarly situated drivers, to deliver retail merchandise to customers' residences.

45. Macy's maintains a warehouse in Dedham, Massachusetts ("Dedham warehouse") from which Plaintiff and similarly situated drivers deliver Macy's merchandise to residences in Massachusetts as well as in other states.

46. Eletto maintains an office in the Dedham warehouse for organizing and conducting delivery operations along with the managers employed by Macy's.

47. Macy's employees perform a variety of functions in the Dedham warehouse, including but not limited to, warehousing functions, i.e., unloading and storing merchandise that is transported to the warehouse for final delivery to retail customers.

48. Eletto and Macy's classify Plaintiff and similarly situated drivers as independent contractors and require all drivers, including Plaintiff, enter into ICA's with Eletto upon hiring.

49. In order to work for Defendants as a driver, Plaintiff and similarly situated drivers were required to incorporate a limited liability corporation.

50. Eletto required that Plaintiff and similarly situated drivers provide their own truck, which the drivers either own or lease.

51. Defendants required that Plaintiff's and similarly situated drivers' trucks bear Macy's logos on the back and side of the trailers along with the Eletto or IWA logo on the truck cab. The trucks also must bear Eletto's or IWA's Department of Transportation number.

52. Plaintiff and similarly situated drivers make regular deliveries from the Dedham warehouse five to six days a week exclusively for Macy's. Approximately thirty to forty trucks make deliveries from the Dedham warehouse each day.

## JURISDICTION AND VENUE

53.     Jurisdiction of the Court over this controversy is based upon 28 U.S.C. § 1332, as complete diversity exists between Plaintiff and Defendants, and because the amount in controversy is greater than the sum of $75,000.00.

54.     Venue is proper pursuant to 28 U.S.C. § 1391, as the principal place of business of Defendants Eletto and IWA is located within Nassau County in the State of New York.

## FEDERAL RULE OF CIVIL PROCEDURE
## RULE 23 CLASS ALLEGATIONS

55.     Plaintiff brings this action on behalf of himself and all similarly situated current and former drivers, namely, all other individuals who have performed courier and/or delivery services for the Defendants and/or their parent organizations, successors and assigns within Massachusetts, and who were not paid proper wages and had improper deductions made from their wages.  Plaintiff's proposed class meets all of the requirements of Rule 23 of the Federal Rules of Civil Procedure.

56.     Plaintiff brings his First, Second, and Third Causes of Action, or in the alternative, and assuming but not conceding same, his Fourth, Fifth and Sixth Causes of Action, on his own behalf and as a class action, pursuant to Fed. R. Civ. P. 23 (a), on behalf of the following class of persons:

> All delivery drivers who are currently or have been employed by Defendants as independent contractors in Massachusetts at any time during the 3 years prior to the filing of this Complaint to the entry of the judgment in the case (hereinafter referred to as the "Massachusetts Class" and the "Massachusetts Class Period," respectively.)

57.     The persons in the Massachusetts Class are so numerous that joinder of all members is impracticable.  Although, the precise number of such persons is unknown, and facts

7

on which the calculation of that number can be based on presently within the sole control of Defendants.

58. Upon information and belief, the size of the Massachusetts Class is at least 60 individuals.

59. The First, Second, Third Causes of Action, or in the alternative, and assuming but not conceding same, his Fourth, Fifth, and Sixth Causes of Action, are properly maintainable as a class action under Fed. R. Civ. Pro. 23(b)(3). There are questions of law and fact common to the Massachusetts Class that predominate over any questions solely affecting individual members of the Massachusetts Class, including but not limited to:

   a. whether the Massachusetts Class Representative and the Massachusetts Class were Defendants' employees under M.G.L. c. 149, § 148B, or alternatively, but not conceding same, pursuant to N.Y. Lab. Law § 862-b;

   b. whether Defendants made unlawful deductions from the Massachusetts Class Representative and the Massachusetts Class pay; and

   c. the nature and extent of Massachusetts Class-wide injury and the appropriate measure of damages sustained by the Massachusetts Class Representative and the Massachusetts Class for unlawful deductions.

60. The Massachusetts Class Representative fairly and adequately protects the interests of the Massachusetts Class and has no interests antagonistic to the class. The named Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

61. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Massachusetts Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies,

practices, and procedures. Although the relative damages suffered by individual members of the Massachusetts Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

62. The Massachusetts Class Representative and the Massachusetts Class have been equally affected by the Defendants' failure to pay proper wages. Moreover, members of the Massachusetts Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

63. Defendants have acted or refused to act on grounds generally applicable to the Massachusetts Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

64. Plaintiff's claims are typical of those of the Massachusetts Class. Plaintiff and the other Massachusetts Class members were subjected to the Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages. Plaintiff's job duties are typical of those of the class members.

## CLASS-WIDE FACTUAL ALLEGATIONS

65. Plaintiff and similarly situated drivers ("Class Members") have been victims of Defendants' unlawful policy of making deductions from Plaintiff's and Class Members' pay.

66. Defendants failed to furnish Plaintiff and Class Members with an accurate statement of, *inter alia*, wages, hours worked, rates paid as required by the NYLL.

67. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the Massachusetts statutory

9

and common law, alternatively, and assuming but not conceding same, violates the NYLL. Defendants' policy and pattern or practice includes but is not limited to:

    a. willfully making improper deductions from Plaintiff's and Class Members' pay; and

    b. willfully failing to keep payroll records as required by the NYLL.

68. Defendants' failure to properly pay Plaintiff and Class Members their proper wages was willful, intentional and in bad faith.

69. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## INDIVIDUAL FACTUAL ALLEGATIONS

70. Krishna Mansingh was employed by Defendants from in or about September 2013 through in or about March 2015.

71. Krishna Mansingh was an employee of Defendants, working under their direct supervision.

72. Although Krishna Mansingh was classified by the Defendants as an independent contractor, he was the Defendants' employee under G.L. c. 149, § 148B, and in the alternative, and assuming but not conceding same, under N.Y. Lab. Law §§ 190(2) and 862-b.

73. Defendants made unlawful wage deductions from Krishna Mansingh's wages for reasons that include, but are not limited to: workers' compensation insurance, liability insurance, other job related insurance, damage or problems with any delivery, uniforms, and truck lease payments.

74. Defendants unlawfully received kick-backs from Krishna Mansingh's previously agreed upon wage.

75. Defendants made a statement, representation or understanding to Krishna Mansingh that failure to provide a kick-back will result in Krishna Mansingh's termination.

76. Defendants failed to furnish Krishna Mansingh with a wage notice containing his rate of pay and basis thereof, hourly rates of pay and overtime rates of pay, the designated pay day, the name of the employer, the employer's address and telephone number, and any other material and necessary information.

77. Defendants failed to furnish Krishna Mansingh with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances, and deductions taken, and net wages paid.

78. Upon information and belief, Defendants did not keep accurate records of hours worked by Krishna Mansingh.

## **PLAINTIFF WAS AN EMPLOYEE - FACTUAL ALLEGATIONS**

79. Although Plaintiff and the similarly situated drivers were classified as independent contractors of Eletto and IWA, both Eletto and Macy's retained the right to control and did control nearly every aspect of the delivery drivers' work. Such control includes, but is not limited to, the following:

   a. Eletto required Plaintiff and similarly situated drivers to use helpers whom Defendants must approve to assist them in making deliveries. Eletto has required Plaintiff and similarly situated drivers terminate certain helpers;

   b. Plaintiff and similarly situated drivers were required to report to the Dedham warehouse by 5:00 a.m. each work day, at which time, Defendants provided Plaintiff and other similarly situated drivers with manifests listing the deliveries to be made that day;

   c. Defendants issued manifests to Plaintiff and similarly situated drivers to determine what goods were delivered, where the deliveries were to be made, and the timeframes within which deliveries were to be made. Plaintiff and similarly situated drivers have no control with respect to the number of deliveries made,

11

the order in which deliveries are made, or the time frames within which deliveries must be made;

d. Plaintiff and similarly situated drivers then loaded their trucks with the merchandise to be delivered that day. They were required to leave the Dedham warehouse by a certain time each day. If they did not, they could be subjected to "fines" or otherwise disciplined by Defendants;

e. Plaintiff and similarly situated drivers did not negotiate with retail customers regarding the rates charged for their services, and they did not contract with the customers independent of Defendants;

f. Macy's trained Plaintiff and similarly situated drivers how to make deliveries and interact with retail customers. Before leaving the Dedham warehouse, Plaintiff and other similarly situated drivers were required to meet with a Macy's general manager to obtain gate passes to allow them to leave the premises. During these meetings, Macy's typically required Plaintiff and similarly situated drivers to "role-play" deliveries;

g. Plaintiff and similarly situated drivers must comply with Macy's grooming standards. Macy's evaluated Plaintiff and similarly situated drivers' appearances and required they alter their appearances if deemed unsatisfactory;

h. Plaintiff and similarly situated drivers were required to wear uniforms with the Macy's logo and specific colored shoes during deliveries. If deliveries were being made for Bloomingdale's merchandise, a uniform bearing the Bloomingdale's logo had to be worn;

i. Plaintiff and similarly situated drivers deliveries were monitored by Macy's and Eletto. Plaintiff and similarly situated drivers were required to be in contact with Eletto dispatchers regarding the status of deliveries throughout the day and carry Macy's issued tablets with apps that were used to keep Macy's and Eletto informed of their progress. For each delivery stop, Plaintiff and similarly situated drivers were required to advise Eletto when they arrived and left a delivery. If drivers encountered any problems with a delivery, they were required to communicate with Eletto for instructions. The tablet also included a GPS system, which Eletto and Macy's used to track Plaintiff and similarly situated drivers;

j. Plaintiff and similarly situated drivers were required to get signatures from customers when deliveries were made; and

k. Defendants evaluated Plaintiff's and similarly situated drivers' performance and graded them accordingly, using performance matrices.

80. Plaintiff and similarly situated drivers were paid a per stop rate for deliveries.

81. Plaintiff and similarly situated drivers were required to pay for their own workers' compensation insurance, liability insurance and other job related insurance. These amounts were deducted from Plaintiff's weekly settlement statements by Eletto. In addition, Eletto required all drivers, including Plaintiff, to place monies into an escrow account purportedly to cover damage claims made by third parties.

82. Defendants deducted costs of any damage from Plaintiff's and similarly situated drivers' compensation if Defendants determine that a delivery was unsatisfactory (e.g. damaged goods, damage to customer property).

83. Macy's and Eletto advertise on their websites that the delivery of merchandise as a major business component. Macy's specifically touts its "white glove treatment" delivery services.

84. Plaintiff provided transportation of commercial goods for Defendants.

85. Plaintiff and similarly situated drivers performed services that are not outside the usual course of Defendants' business and are integral to Defendants' business.

86. Plaintiff and similarly situated drivers are not customarily engaged in an independently established trade, occupation, profession or business. Plaintiff and similarly situated drivers could not engage in an independent business given the full-time nature of their work for Defendants and Defendants' logos on their trucks. Plaintiff and similarly situated drivers are dependent upon Defendants for their work and are unable to offer delivery services to other companies.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

87. Plaintiff has filed his statutory claims with the Massachusetts Office of the Attorney General.

**FIRST CAUSE OF ACTION**
**Massachusetts General Law – Unlawful Wage Deductions**
**(Brought on behalf of Plaintiff and the Massachusetts Class)**

88. Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

89. Pursuant to M.G.L. c. 149, § 148B, Defendants were the joint employers of Plaintiff and the Massachusetts Class.

90. Defendants violated M.G.L. c. 149, § 148 by requiring that Plaintiff and the Massachusetts Class be subject to deductions from their compensation checks for any alleged damage or problem with any delivery, as well as to deductions for insurance, uniforms, and truck lease payments.

91. Plaintiff asserts these claims under M.G.L. c. 149, § 150.

**SECOND CAUSE OF ACTION**
**Massachusetts Common Law – Unjust Enrichment**
**(Brought on behalf of Plaintiff and the Massachusetts Class)**

92. Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

93. Defendants unjustly enriched themselves to the detriment of Plaintiff and the Massachusetts Class members by taking unlawful deductions from the wages of Plaintiff and the Massachusetts Class, in violation of the common law of Massachusetts, or, in the alternative, in violation of the common law of New York.

## THIRD CAUSE OF ACTION
### Massachusetts Common Law – Quantum Meruit
### (Brought on behalf of Plaintiff and the Massachusetts Class)

94. Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

95. Plaintiff and the Massachusetts Class members have been deprived by Defendants of the fair value of their services, as described above, and are, therefore, entitled to recover in *quantum meruit*, the value of their services pursuant to the common law of Massachusetts, or, in the alternative, pursuant to the common law of New York.

## FOURTH CAUSE OF ACTION
### In the Alternative, NYLL – Unlawful Wage Deductions
### (Brought on behalf of Plaintiff and the Massachusetts Class)

96. Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

97. Alternatively to the First Cause of Action, assuming but not conceding that the ICA's New York choice of law provision is enforceable, Plaintiff and similarly situated drivers were employees of Defendants pursuant to N.Y. Lab. Law §§ 190(2) and 862-b.

98. Assuming but not conceding that the ICA's New York choice of law provision is enforceable, Defendants knowingly, willfully, and intentionally violated N.Y. Lab. Law § 193 by requiring that Plaintiff and the Massachusetts Class be subject to deductions from their compensation checks for any alleged damage or problem with any delivery, as well as to deductions for insurance, uniforms, and truck lease payments.

## FIFTH CAUSE OF ACTION
### In the Alternative, NYLL – Illegal Kick-Back of Wages
### (Brought on behalf of Plaintiff and the Massachusetts Class)

99. Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

100. Assuming but not conceding that the ICA's New York choice of law provision is enforceable, Plaintiff and similarly situated drivers were employees of Defendants, pursuant to N.Y. Lab. Law § 190(2) and 862-b.

101. Assuming but not conceding that the ICA's New York choice of law provision is enforceable, Defendants violated N.Y. Lab. Law § 198-b by requiring that Plaintiff and the Massachusetts Class be subject to deductions from their compensation checks for any alleged damage or problem with any delivery, as well as to deductions for insurance, uniforms, and truck lease payments.

## SIXTH CAUSE OF ACTION
### In the Alternative, NYLL – Notice and Record-Keeping Requirement Violation
### (Brought on behalf of Plaintiff and the Massachusetts Class)

102. Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

103. Assuming but not conceding that the ICA's New York choice of law provision is enforceable, Defendants failed to supply Plaintiff and similarly situated drivers with a notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names

used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

104. Assuming but not conceding that the ICA's New York choice of law provision is enforceable, Defendants failed to supply Plaintiff and similarly situated drivers with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

105. Assuming but not conceding that the ICA's New York choice of law provision is enforceable, due to Defendants' violations of N.Y. Lab. Law § 195, Plaintiff and similarly situated drivers are entitled to damages of $50 for each workweek that Defendants failed to provide a wage notice, or a total of $2,500 per class member, and damages of $100 for each workweek that Defendants failed to provide accurate wage statements, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the Massachusetts Class, seeks the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and Mass. Gen. L. c. 149 § 150;

B. Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

E. Attorneys' fees and costs of the action;

F. Alternatively, and assuming but not conceding same, statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

G. Alternatively, and assuming but not conceding same, issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 198 *et seq.*;

H. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

I. Reasonable incentive awards for Plaintiff to compensate him for the time he spent attempting to recover wages for the Class and for the risks he took in doing so;

J. Plaintiff's damages as proved at trial, including damages for the deductions taken from Plaintiff's compensation checks;

K.       Statutory trebling of all wage-related damages and/or the application of liquidated damages; and

L.       Such other relief as this Court shall deem just and proper**.**

Dated: Melville, New York
       May 12, 2014

Respectfully submitted,

By:   */s/ Troy L. Kessler*
       Troy L. Kessler
**SHULMAN KESSLER LLP**
Troy L. Kessler
Marijana Matura
510 Broadhollow Road, Suite 110
Melville, New York 11747
Telephone: (631) 499-9100

Harold Lichten, Esq. (*Pro hac vice* forthcoming)
Thomas Fowler, Esq. (*Pro hac vice* forthcoming)
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
tfowler@llrlaw.com

James W. Simpson, Jr., Esq. (*Pro hac vice* forthcoming)
**LAW OFFICES OF JAMES W. SIMPSON, JR. P.C.**
100 Concord Street, Suite 3B
Framingham, MA 01702
(508) 872-0002

*Attorneys for Plaintiff and the Putative Massachusetts Class*